UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

    Plaintiff,

  v.

EDWARD R. KANDLER, *et al.*,

    Defendants.

Case No. C08-5312 FDB/KLS

ORDER TO SHOW CAUSE

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Before the court for review is Plaintiff's proposed civil rights complaint in which Plaintiff names the Bureau of Immigration Customs Enforcement (BICE), the Board of Immigration Appeals (BIE), and various individuals employed by these agencies, an immigration judge, and deportation officer.  (Dkt. # 1).  Plaintiff brought this action under 42 U.S.C. § 1983, but is challenging his detention, which is more appropriately the subject of Plaintiff's § 2241 habeas action, Case No. 08-36-TSZ-JPD, presently pending in this court.  The court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

ORDER - 1

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A Section 1983 plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

ORDER - 2

or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*,  120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Plaintiff purports to sue BICE, BIA, the Director of ICE, his Chief Aide, the District Director of BICE in Alaska, an immigration judge, a BICE attorney, a BICE panel member,  a BICE associate field officer and the BICE field officer director.   (Dkt. # 1).  Plaintiff claims that he has been deprived of due process of law and a true arrest warrant by being unlawfully charged and detained since June 22, 2004 for three INA charges instead of one single INA charge.  *Id*., pp. 6-9.

As Plaintiff is challenging his continuing confinement, it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983[1].   Indeed, Plaintiff's claims of unlawful detention are currently the subject of a §2241 Petition for Writ of Habeas Corpus in this court in Case No. 08-36-TSZ-JPD.

Accordingly, it is **ORDERED**:

1.   Plaintiff shall show cause why this complaint should not be dismissed.  A response is due by **July 11, 2008.**  If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the Complaint be dismissed.

2.   The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 16th day of June, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

---

[1] Plaintiff also purports to "press criminal charges" (*see* Dkt. # 1, p. 5) against the named defendants; an action that is not cognizable in either a § 1983 or a § 2241 action.

ORDER - 3