UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

    Plaintiff,

v.

EDWARD R. KANDLER, *et al.*,

    Defendants.

Case No. C08-5312 FDB/KLS

SECOND ORDER TO SHOW CAUSE

    Before the court for review is Plaintiff's motion to amend complaint and two proposed amended complaints. (Dkts # 6, 7 and 8). Plaintiff was previously ordered to show cause why his complaint should not be dismissed because he has brought this action under 42 U.S.C. § 1983, but is challenging his detention, which is more appropriately the subject of Plaintiff's § 2241 habeas action, Case No. 08-36-TSZ-JPD, presently pending in this court. After carefully reviewing Plaintiff's motion to amend and two proposed amended complaints, the court finds that Plaintiff has failed to properly respond to the court's order. However, in his most recent proposed amended complaint, Plaintiff now alleges that his "religious diet" of the past four years was changed. (Dkt. # 8, p. 6). To the extent that Plaintiff purports to state a claim for interference with his First

ORDER - 1

Amendment rights, he has failed to state a claim and he must show why his complaint should not be dismissed.

## I. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A Section 1983 plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In order to establish a First Amendment violation, a plaintiff must show that the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." *Freeman*, 125 F.3d at 737 (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

Under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the inmate "bears the initial burden of going forward with evidence to demonstrate a prima facie claim" that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). To be considered a

ORDER - 2

"substantial burden," the challenged state action "must impose a significantly great restriction or onus upon such exercise." *Id.* at 995.

According, it is **ORDERED:**

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," naming **only** the individual defendant or defendants who he alleges caused him harm related **only** to his claim that he has been denied his religious diet. Plaintiff must include facts and circumstances related to his claim, explaining how this denial has resulted in a violation of a right, privilege, or immunity secured by the Constitution or federal law. Plaintiff is advised that he should not include any further allegations challenging his detention, which are already the subject of Plaintiff's § 2241 habeas action in Case No. 08-36-TSZ-JPD.

The Amended Complaint will act as a complete substitute for the original complaint (Dkt. # 1) and any other proposed complaint filed in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners. The amended complaint shall be due **on or before August 22, 2008**.

If the amended complaint submitted by Plaintiff fails to state a claim, the Court will recommend dismissal of this action.

2. Plaintiff's motion to amend (Dkt. # 7) is **DENIED**;

3. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3