UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

　　　　　　Plaintiff,

　　v.

EDWARD R. KANDLER, *et al.*,

　　　　　　Defendants.

Case No. C08-5312 FDB/KLS

THIRD ORDER TO SHOW CAUSE

　　This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's response to this Court's Second Order to Show Cause, and a proposed Amended Complaint. (Dkts. # 10 and 11). Having carefully reviewed Plaintiff's response, proposed amended complaint, and balance of the record, the Court orders as follows:

　　A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

　　To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

ORDER
Page - 1

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

On July 25, 2008, the Court granted Plaintiff leave to file an amended complaint so that he could properly set forth his claim that his "religious diet" of the past four years had been changed. (Dkt. # 9, p. 1). The Court ordered Mr. Macavilca to file an amended complaint naming only the individual defendant or defendants who he alleges caused him harm related only to his claim that he had been denied his religious diet.

Mr. Macavilca filed a Response to New Order and Travers seeking "ten billion dollars for "psychological and mental anguish" from defendants, and an injunction from various members of the Board of Immigration Appeals and the Bureau of Immigration to stay Plaintiff's removal. (Dkt. # 10). He also filed a motion requesting "permission to file a second amended complaint to remove some defendants from this lawsuit," with 281 pages of exhibits, the majority of which relate to his immigration case.[1] Plaintiff was previously advised that he may not challenge his detention in this Section 1983 case.

Plaintiff also filed an Amended Complaint, naming Edward R. Kandler, James Lee, Roger Pauley, Ben Maxwell, David Jennings, A. Neil Clark, Bernadette Nocerino-Doody, John P. Torres, Timothy S. Robbins, as Defendants (Dkt. # 11-8, pp. 1-5). Mr. Macavilca now claims that in July 2008 the warden denied his religious meal; that on July 1, 2008, he was denied medical assistance; he has been denied

---

[1] The Court notes that included within these various exhibits are copies of detainee request forms relating to requests for a vegetarian diet. *See, e.g.*, Dkt. # 11-4, p. 8-11. However, the Court may not supply essential unpleaded facts.

ORDER
Page - 2

legal copies and postage, and that he has been denied property and other benefits. *Id.*, p. 5. However, the Amended Complaint contains no factual allegations describing how any of the named defendants caused or personally participated in causing Plaintiff any of the harms he alleges that he suffered. Plaintiff should attach only those exhibits to his Amended Complaint that are relevant to the claims alleged therein.

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint **on or before October 10, 2008**, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 23 day of September, 2008.

Karen L. Strombom
United States Magistrate Judge