UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO GERMAN MACAVILCA,

Plaintiff,

v.

EDWARD R. KANDLER, *et al.*,

Defendants.

Case No. C08-5312 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
November 21, 2008**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's Amended Complaint (Dkt. # 13), filed in response to the Court's Third Order to Amend Complaint or Show Cause why this case should not be dismissed. Dkt. # 12. Having carefully reviewed Plaintiff's response, proposed amended complaint, and balance of the record, the undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. DISCUSSION

On June 16, 2008, Mr. Macavilca was granted leave to proceed *in forma pauperis* (Dkt. # 4), and the Clerk filed his Complaint. Dkt. # 5. The Court reviewed Plaintiff's Complaint prior to

REPORT AND RECOMMENDATION - 1

service and found it to be insufficient because it did not allege facts sufficient to state a claim under 42 U.S.C. § 1983. Dkt. # 6. Mr. Macavilca was ordered to show cause why his complaint should not be dismissed because he brought this action under § 1983, but challenged his detention, which is more appropriately the subject of Mr. Macavilca's § 2241 habeas action, Case No. 08-36-TZ-JPD.[1] *Id.*

On June 30, 2008, Plaintiff filed a motion to amend (Dkt. # 7) and on July 14, 2008, filed an Amended Complaint. Dkt. # 8. After carefully reviewing Mr. Macavilca's motion to amend, the Court found that Mr. Macavilca had failed to properly respond to the Court's Order, but because Mr. Macavilca had included an allegation that Defendants had changed his "religious diet" of the past four years, on July 25, 2008, the Court issued a Second Order to Show Cause. Dkt. # 9. In this Second Order to Show Cause, the Court granted Mr. Macavilca leave to file another amended complaint so that he could properly set forth his claim that his "religious diet" of the past four years had been changed. Dkt. # 9, p. 1.

The Court described for Mr. Macavilca what was required to state a claim under Section 1983 and what was needed to establish a First Amendment violation and his burden of proof under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. # 9, p. 2. Mr. Macavilca was also advised that he should name only the individual defendant or defendants who he alleges caused him harm related only to his claim that he has been denied his religious diet, that he must include facts and circumstances related to his claim, and that he should explain how this denial has resulted in a violation of a right, privilege, or immunity secured by the Constitution or federal law. *Id.*, p. 3. Finally, Plaintiff was advised that he should not include any further allegations challenging his detention, which are already the subject of Plaintiff's § 2241 habeas action in Case No. 08-36-TSZ-JPD.

On August 20, 2008, Mr. Macavilca filed a Response to New Order and an Amended

---

[1] Petitioner's Petition for Writ of Habeas Corpus was denied on August 25, 2008. (Dkt. # 24 in Case No. 08-36-TSZ-JPD).

REPORT AND RECOMMENDATION - 2

Complaint. Dkts. # 10 and 11. In his Response, Mr. Macavilca seeks ten billion dollars for "psychological and mental anguish, " an injunction from various members of the Board of Immigration Appeals and the Bureau of Immigration to stay Plaintiff's removal from the United States. Dkt. # 10. In his proposed Amended Complaint, Mr. Macavilca named various individuals, including the Bureau of Immigration and Customs Enforcement and Board of Immigration Appeals. (Dkt. # 11-8, pp. 1-5). In this proposed amendment, Mr. Macavilca claimed that in July 2008 the warden denied his religious meal; that on July 1, 2008, he was denied medical assistance; he has been denied legal copies and postage, and that he has been denied property and other benefits. *Id*., p. 5. Mr. Macavilca attached approximately 281 pages of exhibits to his amended complaint, the majority of which are related to his immigration case.

This proposed amendment contained no factual allegations describing how any of the named defendants caused or personally participated in causing Plaintiff any of the harms he alleges that he suffered or how these harms violated the Constitution or federal law. Accordingly, the Court provided Plaintiff yet another opportunity to plead a claim under Section 1983. Dkt. # 12. The Court advised Plaintiff that he should attach only those exhibits to his Amended Complaint that are relevant to the claims alleged therein. *Id*., p. 3.

Mr. Macavilca has now filed his Amended Civil Rights Complaint in response to the Court's Third Show Cause Order. Dkt. # 13. In this amendment, Mr. Macavilca names the same individuals, in addition to the immigration judge, lawyer, deportation officer and various other individuals employed by the Board of Immigration Appeals and Bureau of Immigration Customs Enforcement as were named in his first proposed Complaint. *Id*. As he did in his first proposed complaint, Mr. Macavilca claims that he has been deprived of due process of law and a true arrest warrant by being unlawfully charged and detained since June 22, 2004 for three INA charges instead of one single INA charge. *Id*., pp. 16-19.

**I. DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or

REPORT AND RECOMMENDATION - 3

contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In order to establish a First Amendment violation, a plaintiff must show that the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." *Freeman*, 125 F.3d at 737 (citing *Graham v. C.I.R.*, 822 F.2d 844, 851

REPORT AND RECOMMENDATION - 4

(9th Cir. 1987)).

Under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the inmate "bears the initial burden of going forward with evidence to demonstrate a prima facie claim" that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). To be considered a "substantial burden," the challenged state action "must impose a significantly great restriction or onus upon such exercise." *Id.* at 995.

Mr. Macavilca's latest proposed amended complaint suffers from the same deficiencies as did his first proposed complaint in that he claims that he has been deprived of due process of law and a true arrest warrant by being unlawfully charged and detained since June 22, 2004 for three INA charges instead of one single INA charge. *See e.g.*, Dkt. # 13, pp. 16-19. Mr. Macavilca also seeks ten billion dollars from defendants and an order directing the librarian to refrain from harassing and insulting him and directing officers at the NWDC to respect his doctor ordered diet. Dkt. # 13, p. 6. Although Mr. Macavilca has been given three separate opportunities and ample guidance from the Court to properly plead a constitutional violation, he has failed to include facts and circumstances sufficient to state a claim. Instead, he insists on relitigating the issues more properly the subject of his immigration case in this section 1983 case.

## II. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g)**. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION - 5

1 | limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November
2 | 21, 2008,** as noted in the caption.

DATED this  24th  day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6